**Roderick PORTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–01718–CR.**

Court of Appeals of Texas, Dallas.

Feb. 11, 1994.

Rehearing Denied April 1, 1994.

Samuel D. Rosenstein, Plano, for appellant.

Suzanne Kirby Perkins, Asst. Dist. Atty., Dallas, for appellee.

Before McGARRY, C.J., and KINKEADE and BARBER, JJ.

## OPINION

McGARRY, Chief Justice.

Roderick Porter appeals his conviction for possession of a controlled substance, to wit: cocaine, in an amount greater than twenty-eight grams but less than 200 grams. After a jury trial, the court assessed punishment at thirty years' confinement. In three points of error, Porter contends that his conviction must be reversed because (1) the evidence is insufficient to prove beyond a reasonable doubt that he knowingly and intentionally possessed the cocaine in question, and (2) the trial court erred in refusing to charge the jury on the lesser included offense of possession of less than twenty-eight grams. For the reasons set forth below, we reverse the judgment of the trial court and remand the case for a new trial.

## FACTS

On March 24, 1992, the Dallas Police Department executed a search warrant at 2423 Myers, apartment 202, in Dallas, Texas. When the police entered the apartment, they encountered four suspects and a considerable amount of cocaine, packaged and ready for sale. The police seized approximately 167 grams of cocaine and a number of guns from the apartment. The police arrested Roderick Porter and three other suspects. The suspects were charged with possession with intent to deliver cocaine in an amount greater than twenty-eight grams but less than 200 grams.

Porter pled not guilty to the charge. At trial, the State presented the testimony of four police officers, all of whom took part in the arrest. Dallas Police Officer J. Rivera, a member of the Tactical Division, was the first officer to enter the apartment. He testified that when he entered, he saw three individuals sitting in a small living room. He testified that he saw numerous small baggies containing what appeared to be cocaine on a table in front of the couch. Officer Rivera stated that, when the door to the apartment opened, two of the suspects made movements towards nearby weapons and Officer Rivera secured those two suspects.

Officer Eddie Fuller, Rivera's partner, took Porter into custody. He testified that when he entered the apartment, he saw Porter sitting on the couch. He ordered Porter to put his hands over his head and Porter complied. Officer Fuller stated that Porter made no movements towards any weapons and did not attempt to flee. However, Porter was in close proximity to the numerous baggies of cocaine which were sitting in plain view on a table in the living room. Accordingly, Porter was handcuffed and taken outside with the other suspects. Subsequently, the four suspects were taken to the police station and booked.

After the State concluded its case, Leon Evans, one of the suspects arrested at the scene, testified on Porter's behalf. Evans testified that Porter was present at the apartment only to purchase cocaine, not to sell it, and that he therefore was not in possession of the entire 167 grams of cocaine found in the apartment. Specifically, Evans stated that Porter was in the apartment to purchase a "dime rock" of cocaine. Evans testified further that, at the time the police entered, Porter had paid for a "dime rock" but had not yet received his cocaine. A narcotics detective testified that a "dime rock" weighs about one-fifth of a gram.

The trial court charged the jury on both simple possession and possession with intent to deliver an amount greater than twenty-eight grams but less than 200 grams. The jury convicted Porter of the lesser included offense of possession. Porter elected to have the trial court assess punishment. After a punishment hearing, the court assessed punishment at 30 years' confinement.

### SUFFICIENCY OF THE EVIDENCE

In his first point of error, Porter contends that the evidence is insufficient to show that he knowingly and intentionally possessed the cocaine in question. In his second point of error, Porter argues that the trial court should have granted his motion for instructed verdict because the evidence is insufficient to establish possession. We conclude that the evidence is sufficient to establish Porter's joint possession of the cocaine, and overrule Porter's first and second points of error.

■ When an appellant challenges the sufficiency of the evidence, we review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim.App.), *cert. denied,* — U.S. —, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). This leaves to the jury, as the trier of fact, the responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts. *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474

U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *See Saxton v. State*, 804 S.W.2d 910, 914 (Tex.Crim.App. 1991). Thus, the jury is free to accept or reject any or all of the evidence presented by either side. *Id.*

■ To support a conviction for unlawful possession of a controlled substance, the State must prove that (1) the accused exercised care, control, or management over the contraband; and (2) the accused knew the matter possessed was contraband. *See Humason v. State*, 728 S.W.2d 363, 364 (Tex. Crim.App.1987); *Reid v. State*, 749 S.W.2d 903, 905 (Tex.App.—Dallas 1988, pet. ref'd). Possession entails more than merely being in the presence of contraband; it requires the exercise of dominion and control over the contraband. *See Reid*, 749 S.W.2d at 905. When the accused is not in exclusive control or possession of the place where the contraband is found, the accused cannot be charged with knowledge and control over the contraband *unless* there are additional independent facts and circumstances which link the accused to the contraband. *Id.* "The evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it." *Edwards v. State*, 813 S.W.2d 572, 575 (Tex.App.—Dallas 1991, pet. ref'd). No set formula of facts exists which would dictate a finding of an "affirmative link" sufficient to support an inference of knowing possession of contraband. *Reid*, 749 S.W.2d at 905. Each case depends on the evidence adduced therein. *Id.*

■ Although Porter contends that the evidence affirmatively linking him to the cocaine is insufficient to support his conviction, we disagree. Our review of the record reveals numerous "affirmative links" between Porter and the contraband. These "affirmative links" are sufficient to support the jury's conclusion that Porter had "care, custody, and management" of the cocaine found in apartment 202. Among the factors aggre-

gately linking Porter to the cocaine are the following:

- the cocaine was located on the table and floor in plain view of Porter, *see Pollan v. State,* 612 S.W.2d 594, 596 (Tex.Crim. App.1981);

- Porter was in close proximity to the cocaine and it was conveniently accessible to him, *see Guiton v. State,* 742 S.W.2d 5, 8 (Tex.Crim.App.1987);

- Porter was present when the search warrant was executed, *see Chavez v. State,* 769 S.W.2d 284, 288 (Tex.App.— Houston [1st Dist.] 1989, pet. ref'd);

- a large amount of cocaine (167 grams) was recovered, and the amount is large enough to indicate that Porter knew of its presence, *see Pollan,* 612 S.W.2d at 596;

- four guns and four suspects were found in the apartment where the cocaine was located, *see King v. State,* 710 S.W.2d 110, 113 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd), *cert. denied,* 484 U.S. 829, 108 S.Ct. 99, 98 L.Ed.2d 59 (1987); and

- the apartment resembled a typical crackhouse, *see Edwards,* 813 S.W.2d at 578–79.

These links are sufficient to permit a reasonable inference that Porter knew of the cocaine's presence. However, they would not, alone, be sufficient to infer that he exercised control over it. To establish control, the State relies on the following additional evidence:

- Leon Evans was impeached with prior inconsistent testimony that Porter was involved in selling the cocaine found at the apartment;

- no one was seen entering or leaving the apartment in the minutes immediately prior to the officers' entry;

- the tactical team was told at their briefing to expect four suspects at the apartment, and four suspects were found at the scene; and

- Porter and the other suspects were heard laughing and joking together immediately prior to the officers' entry— behavior which, according to the officers,

was quite unusual at a drug purchase where the dealers carry guns.

This evidence is sufficient to permit a reasonable inference that Porter exercised control over the cocaine. Thus, we conclude, based on the entire record that there were sufficient "affirmative links" established by the State to support the jury's conclusion that Porter knowingly and intentionally possessed the cocaine in question. Porter's first point of error is overruled.

Furthermore, because the evidence is sufficient to establish Porter's possession of the cocaine, we conclude that the trial court did not err in overruling Porter's motion for instructed verdict. *See Madden v. State,* 799 S.W.2d 683, 686 (Tex.Crim.App.1990), *cert. denied,* 499 U.S. 954, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991) (if evidence sufficient to sustain conviction then no error in denying instructed verdict). Accordingly, Porter's second point of error is overruled.

### LESSER INCLUDED OFFENSE CHARGE

■ At the close of evidence, Porter requested a charge to the jury on the lesser-included offense of possession of cocaine in an amount less than twenty-eight grams. The trial court refused to submit the requested charge. In his third point of error, Porter argues that the court's refusal constituted reversible error. We agree.

■ A defendant is entitled to a charge on a lesser included offense when (1) the lesser included offense is within the proof necessary to establish the offense charged, and (2) some evidence exists in the record that would permit a jury rationally to find that if the defendant is guilty at all, he is guilty only of the lesser offense. *See Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex. Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). In determining whether the trial court erred in failing to give a charge on a lesser included offense, we review all of the evidence presented at trial. *Id.; Havard v. State,* 800 S.W.2d 195, 216 (Tex.Crim.App.1989) (op. on reh'g). The credibility of the evidence and whether it is controverted or conflicts with

other evidence may not be considered. *Havard,* 800 S.W.2d at 216.

Porter argues that the jury should have been given a lesser included offense charge because (1) possession of cocaine in an amount less than twenty-eight grams is included within the proof necessary to establish possession with intent to deliver an amount greater that twenty-eight grams, and (2) there was evidence in the record that Porter was only guilty of the lesser offense. Both sides agree that possession of less than twenty-eight grams is a lesser included offense of possession with intent to deliver an amount greater than twenty eight grams. Thus, the first prong of the test is satisfied.

Porter argues that the second prong of the test is also satisfied because the testimony of Leon Evans indicated that, if Porter were guilty at all, he was guilty only of the lesser included offense. Evans testified that Porter was present at the apartment to buy a "dime-rock" of cocaine. According to Porter, this testimony, if believed, would support only a conviction on the lesser included offense of possession of less than twenty-eight grams. Thus, Porter concludes that the second prong of the test is satisfied. Accordingly, he maintains that submitting his requested charge was required.

■ The State takes issue with Porter's reasoning, arguing that the testimony of Leon Evans, when considered closely, would not permit a rational jury to conclude that Porter was only guilty of the lesser offense. Specifically, the State points out that, on cross-examination, Evans admitted that Porter had not yet completed his drug purchase when the police broke into the apartment. Evans testified that, although Porter had handed Evans money to purchase a "dime-rock," Porter had not at the time the police arrived selected his rock from among the many rocks sitting on the table. Because Porter had not yet taken his rock off the table, the State concludes that Porter was not in possession of a "dime-rock" of cocaine at the time of his arrest. Thus, the jury could not have found him guilty of the lesser offense of possession of less than twenty-eight grams. Accordingly, the State argues

that Porter was not entitled to a charge on the lesser included offense.

■ In order to determine Porter's entitlement to the requested charge, we must first determine whether the mere payment of money for contraband is sufficient to constitute possession of the contraband under Section 481.115 of the Texas Health and Safety Code. The Texas Controlled Substances Act defines possession to mean having "actual care, custody, control, or management" over contraband. *See* Tex.Health & Safety Code Ann. § 481.002(38) (Vernon 1992). Notably, the Court of Criminal Appeals has routinely recognized that control may be shown either by showing actual or *constructive* possession. *See McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App.1985); *Sewell v. State,* 578 S.W.2d 131, 135 (Tex. Crim.App.1979).

Although "constructive possession" has not specifically been defined under Texas law, the Court of Criminal Appeals clearly has distinguished it from actual possession of contraband on one's person. The term has also been defined by the federal courts. The Fifth Circuit, for example, defines "constructive possession" to mean the knowing exercise of, *or knowing power to exercise,* dominion and control over contraband. *United States v. DeLeon,* 641 F.2d 330, 335 (5th Cir.1981); *United States v. Aleman,* 592 F.2d 881, 884 (5th Cir.1979). The Fifth Circuit also recognizes that "constructive possession" may be established by showing *ownership,* dominion or control over contraband. *United States v. Moreno,* 649 F.2d 309, 312 (5th Cir.1981). Thus, under the federal definition, a defendant may be guilty of possession although he is not exercising actual physical dominion over contraband at the time of his arrest. As long as he has actual ownership of contraband or a *power* to exercise control over contraband, he will be in constructive possession of contraband.

Using the Fifth Circuit's analysis as a guideline, we conclude that there is evidence that Porter was in constructive possession of a dime-rock of cocaine weighing less than a gram at the time of his arrest although he had not, at that time, taken physical custody of any particular rock. The fact that Porter

had handed money to Evans as payment for a rock is some evidence that ownership of a rock had passed to Porter at the time of his arrest. *See Moreno,* 649 F.2d at 312. At the very least, Porter had the *power* to exercise control over a rock. *See DeLeon,* 641 F.2d at 335. Since constructive possession under Texas law is enough to establish control for purposes of a possession conviction, *see McGoldrick,* 682 S.W.2d at 578, we find that there is evidence from which the jury could conclude that Porter was in possession of only a dime-rock of cocaine. Accordingly, we find that Porter was entitled to an instruction on the lesser included offense of possession of less than twenty-eight grams.

Porter timely requested that the trial court include an instruction on the lesser included offense. The trial court overruled this request. The Court of Criminal Appeals has held that where, as here, the error in the court's charge is the subject of a timely objection, then reversal is required if the error was calculated to injure the rights of the defendant. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). Accordingly, reversal is required if *some* harm to the accused is shown. *Id. See also Mitchell v. State,* 807 S.W.2d 740, 742 (Tex. Crim.App.1991). We conclude that Porter has established the existence of some harm in this case.

The jury was charged on both possession with intent to deliver over twenty-eight grams of cocaine and simple possession in that amount. The jury convicted Porter of simple possession; thus, it must have concluded that Porter was not involved in selling the cocaine found at the apartment. Because the jury's conclusion may have, in part, been the result of its belief that Porter was present at the apartment only to purchase a dime-rock of cocaine, we believe that the jury might have convicted Porter only of possession of the lesser amount, had it been given that option. Thus, we find that Porter was harmed by the exclusion of the lesser included offense charge. Accordingly, we sustain Porter's third point of error.

We reverse the judgment of the trial court and remand the case for a new trial.