COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




ALEJANDRO ALBERTO MARTINEZ,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00054-CR
 


Appeal from the


384th Impact Court 


of El Paso County, Texas 


(TC# 20040D04787) 



O P I N I O N


 Alejandro Alberto Martinez was convicted of felony possession of marijuana and
sentenced to 8 years' imprisonment. In a single issue, Appellant challenges the factual
sufficiency of the evidence supporting his conviction.

 On the afternoon of September 9, 2004, Detective Kyle Summers was surveilling a house
at 4855 Cuartel Street in El Paso. He saw a silver Mitsubishi, driven by Appellant, with one
passenger, pull into the driveway. The passenger went into the house through the front door, and
opened the garage door from inside the house. Appellant pulled the car into the garage and
closed the door. About fifteen minutes later, they left the house in the car. As the car left Cuartel
Street, Appellant failed to make a complete stop as he turned west toward Mesa Street. Detective
Summers notified other units in the area about the traffic violation. The detective remained
stationed near the house.

 Detective Frank Gutierrez was also working with Detective Summers on the Cuartel
surveillance at a different location. He claimed that Appellant drove by traveling forty miles-per-
hour in a thirty-five miles-per-hour zone. When Detective Gutierrez reported this second traffic
violation, Officer Eduardo Aguilar, a K9 patrol officer, responded in a marked patrol and pulled
Appellant over. As Officer Aguilar inquired where Appellant and the other passenger were
coming from, and where their destination was, other police units arrived to assist him. Appellant
consented to a search of the vehicle. Officer Aguilar's K9 partner alerted to the driver's side
door, and the floorboards on both sides of the car but the officers did not locate any contraband. 

 At that point, Officer Aguiliar left the Mitsubishi and reported to the Cuartel house to
assist Detective Summers. Detective Gutierrez continued to search the Mitsubishi. Detective
Gutierrez found a screwdriver on the driver's seat. The detective also noticed that the materials
on the floorboards in the car where abnormally thick, and the carpeting had recently been
replaced. When he removed the carpeting, Detective Gutierrez found a two and one-half foot
compartment welded into the floorboard. The passenger side contained a similar compartment. 
Detective Gutierrez testified that although these compartments were empty, they were the same
type of compartments often used to transport contraband.

 Having obtained a search warrant, a group of officers including, Detective Summers,
Officer Aguilar, and the police dog approached the Cuartel house. The canine alerted at the
garage door. The officers entered the house through the garage. Once inside, the officers
detected a strong smell of burned marijuana. As they passed through the kitchen and living
room, the officers found an electronic scale, trash bags, plastic wrap, cardboard boxes, a plastic
bag containing marijuana, and several bundles of the drug packed inside a box. Other than the
equipment, the house was sparsely furnished. The officers found additional bundles of marijuana
in the master bedroom. According to Detective Thomas Lawrence, a member of the El Paso
Stash House Unit, this was the typical condition for a drug stash house. In total, over one
thousand pounds of marijuana was confiscated from the house.

 In a second bedroom, the officers found several documents with Appellant's name on
them and a shoe box containing several of Appellant's personal items. During questioning,
Appellant told detectives that 4855 was not his permeant address, but admitted that he did
occasionally stay there.

 Appellant was convicted of possession of marijuana in an amount greater than fifty
pounds, but less than two thousand pounds and sentenced to eight years' confinement. In his
sole issue presented for review, Appellant contends the evidence is factually insufficient to
support his conviction. Specifically, Appellant argues the evidence is insufficient to establish
beyond a reasonable doubt that he knowingly or intentionally possessed marijuana found at 4855
Cuartel.

Standard of Review

 In a factual sufficiency review, we consider all the evidence in a neutral light. Roberts v.
State, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Evidence is factually insufficient if: (1) the
evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly
unjust; or (2) the evidence supporting the verdict is outweighed by the great weight and
preponderance of contrary evidence, rendering the verdict clearly wrong and manifestly unjust. 
Id. We cannot reverse a conviction under the "clearly wrong" or "manifestly unjust" standards
simply because, based on the quantum of evidence admitted, we would have voted to acquit. 
Watson v. State, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). Nor can we declare that a conflict
in the evidence justifies a new trial because we disagree with the jury's resolution of the conflict.
Id. A new trial will only be granted when this Court determines, on an objective basis, that the
great weight and preponderance of the evidence contradicts the jury's verdict. Id. In addition,
our review should not substantially intrude upon the fact finder's role as the sole judge of the
weight and credibility given to witness testimony. Johnson v. State, 23 S.W.3d 1, 7
(Tex.Crim.App. 2000); see also Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006)
(factual sufficiency review still requires "due deference" be given to the jury's determinations). 

Possession of Marijuana

 A person commits the offense of possession of marijuana if he knowingly or intentionally
possesses a usable quantity. See Tex.Health & Safety Code Ann. § 481.121(a)(Vernon
2003). An offense under Section 481.121(a) is a second degree felony if the amount of
marijuana possessed is more than fifty pounds, but less than two-thousand. See Tex.Health &
Safety Code Ann. § 481.121(b)(5). "Possession" is defined as "actual care, custody, control, or
management." Tex.Health & Safety Code Ann. § 481.002(38)(Vernon Supp. 2007). The
State's burden of proof for such a conviction includes proving, through direct or circumstantial
evidence, that the accused (1) exercised actual care, custody, control, or management over the
contraband, and (2) the accused knew the substance he possessed was contraband. See
Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005); Menchaca v. State, 901 S.W.2d
640, 651 (Tex.App.--El Paso 1995, pet. ref'd).

 In order to prove that the accused had knowledge of, and control over the contraband in
cases where the accused is not in sole possession of the location where the substance is found,
there must be additional independent facts and circumstances which link the accused to the
contraband. See Evans v. State, 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006). Whether direct
or circumstantial, the evidence must establish the accused's connection with the contraband was
more than just fortuitous. Id. at 161. While the accused's mere presence at the location where
the drugs are found is insufficient to establish possession, presence, when combined with other
"links" between the accused and the drugs, may well be sufficient to establish the element
beyond a reasonable doubt. Id. at 162.

 The key to this type of possession inquiry is the "logical force" with which the evidence
supports an inference of conscious possession of contraband by the accused. See id. at 162;
Porter v. State, 873 S.W.2d 729, 732 (Tex.App.--Dallas 1994, pet. ref'd). Texas courts have
utilized a wide variety of factors to analyze the sufficiency of the evidence in support of the
jury's affirmative finding of possession, including: (1) the defendant's presence at the location
where a search warrant was executed; (2) whether the contraband was in plain view; (3) the
defendant's proximity to and accessibility of the contraband; (4) whether the defendant was
under the influence of narcotics when arrested; (5) whether the defendant possessed other
contraband or drug paraphernalia when arrested; (6) whether the defendant made incriminating
statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant
made furtive gestures; (9) whether there was a residual odor of contraband; (10) whether the
defendant owned or had the right to posses the place where the drugs were found; (11) whether
the drugs were found in an enclosed area; (12) whether the accused was the operator of an
automobile where contraband was found; (13) whether the defendant was found with a large
amount of cash or weapons at the time of his arrest; (14) whether the conduct of the accused
indicated a consciousness of guilt; and (15) whether there was a significant amount of contraband
seized. See Evan, 202 S.W.3d at 162 n.12; Miramontes v. State, 225 S.W.3d 132, 141-42
(Tex.App.--El Paso 2005, no pet.).

 As we discussed in our review of the facts in this case, police witnessed Appellant's
presence at the location where the marijuana was found. The detective's involved in the
investigation testified that upon entering the house, they found large quantities of marijuana in
plain view in the residence, along with equipment and supplies for distribution of the drug. The
jury heard testimony from the officers that the compartments in the Mitsubishi, as well as the
condition of the house were indicative of a drug operation. Finally, the location of Appellant's
personal belongings in the house, along with his admission that he did occasionally stay in the
house, supports the jury's determination that he exercised some control over the contraband.

 Appellant points to several facts as contrary to the jury's verdict. He argues that he was
not in physical possession of marijuana, that the police did not find drugs in the car, that he was
not in exclusive control of the premises, and that the police did not produce evidence of his
fingerprints in the house or on the drugs, which all weigh against the jury's verdict. While these
facts may be contrary to the verdict, we must give due deference to the jury's determinations. 
See Johnson, 23 S.W.3d at 11; see also Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App.
1997)(the weight and credibility of the evidence and witness testimony lies withing the jury's
discretion). This evidence is not so contrary to the verdict, and does not out weigh the evidence
supporting the jury's determination to such a degree that conviction was a manifest injustice. See
Roberts, 220 S.W.3d at 524. In conclusion, having reviewed the evidence in a neutral light, we
conclude it was factually sufficient to affirmatively link Appellant to the marijuana. Therefore,
Appellant's issue is overruled.

 Having overruled Appellant's sole issue presented for review, we affirm the conviction.




February 28, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)