COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THADDEUS LEONDRA SHAW A/K/A THADDEUS L. SHAW, | § | No. 08-09-00214-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | Criminal District Court No. One |
| | § | of Tarrant County, Texas |
| THE STATE OF TEXAS, | § | (TC# 1136969D) |
| | § | |
| Appellee. | § | |

## O P I N I O N

This is an appeal from a conviction for the offense of unlawful possession of cocaine, one gram or more but less than four grams. On appeal, Appellant challenges the legal and factual sufficiency of the evidence.

On November 19, 2008, several narcotics officers were involved in a "buy/bust" drug operation in Fort Worth. As part of the operation, one of the officers picked up a "rider" on East Ramsey Avenue. The rider took the officer to a house in the vicinity of East Ramsey to buy twenty dollars worth of crack cocaine. Once the officer parked her car in front of the house, the rider walked to the front door and made a deal. The rider then got back into the officer's car and provided the officer with an off-white rock-like substance. After the officer tipped the rider, the rider walked back to the house. The officer then signaled Officer Williams to indicate the drug deal was complete, and Officer Williams approached the house immediately.

Once Officer Williams entered the house, he saw Appellant sitting alone at a desk. A silver cell phone and an off-white rock-like substance were on the desk. Based on his

experience, the officer believed the substance was crack cocaine. The drugs and cell phone were within Appellant's arm's reach. Officer Williams pointed a gun at Appellant and ordered him to get down onto the floor. As Appellant did so, he hit the desk and knocked some of the cocaine off the desk and onto the ground. The officers discovered eight people in the house and arrested four of them for various drug offenses. At the conclusion of a jury trial, Appellant was convicted of possession of a controlled substance, one gram or more but less than four grams. He was sentenced to twelve years' in prison.

In Issues One and Two, Appellant contends the evidence is legally and factually insufficient to support the conviction. Although Appellant presents these arguments independently, this Court may only address the legal sufficiency challenge. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010)(holding that "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense . . . ."). A legal sufficiency review requires the appellate court to determine whether, "[c]onsidering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt." *Id.* at 899, *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In conducting this review, we must defer to the jury's role as the sole judge of the credibility and weight that testimony is to be afforded. *Id*. at 899.

In an unlawful possession of a controlled substance case, the prosecution's burden of proof consists of two elements: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the substance possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex.Crim.App. 2006). To prove that the accused had knowledge of, and

control over, the contraband when the accused was not in sole possession of the location where it was found, there must be additional independent facts and circumstances that link the accused to the contraband. *See id*. at 161-62. Whether direct or circumstantial, the evidence must establish that the accused's connection with the contraband was more than just fortuitous. *Id*. at 162. While the accused's mere presence at the location where the drugs are found is insufficient to establish possession, when combined with other "affirmative links" between the accused and the drugs, presence may well be sufficient to establish the element beyond a reasonable doubt. *Id*. at 161-62.

The key to this type of possession inquiry is the "logical force" with which the evidence supports an inference of conscious possession of contraband by the accused. *See id*. at 162; *Porter v. State*, 873 S.W.2d 729, 732 (Tex.App.--Dallas 1994, pet. ref'd). Texas courts have used a wide variety of factors to analyze the sufficiency of the evidence to support the jury's affirmative finding of possession, including: (1) the defendant's presence at the location where a search warrant was executed; (2) whether the contraband was in plain view; (3) the defendant's proximity and access to the contraband; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or drug paraphernalia when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was a residual odor of contraband; (10) whether the defendant owned or had the right to posses the place where the drugs were found; (11) whether the drugs were found in an enclosed area; (12) whether the accused was the operator of an automobile where contraband was found; (13) whether the defendant was found with a large amount of cash or

weapons at the time of his arrest; (14) whether the conduct of the accused indicated a consciousness of guilt; and (15) whether there was a significant amount of contraband seized. *See Evans*, 202 S.W.3d at 162 n.12; *Miramontes v. State*, 225 S.W.3d 132, 141-42 (Tex.App.-- El Paso 2005, no pet.).

In this instance, the following evidence "links" Appellant to the cocaine: (1) Appellant was present when the officers conducted the search of the house where drugs were found and where cocaine had been sold to a rider; (2) according to Officer Williams, the house was the type of "crack house" small-time dealers use to sell drugs because it was abandoned, burned out, and lacked electricity and running water; (3) before his arrest, Appellant had a cell phone and cocaine within his reach;[1] (4) the cocaine was in plain view on top of the desk at which Appellant sat; (5) Appellant sat near the front door, which probably facilitated the sale of cocaine; (6) other contraband was present in the house where Appellant was arrested; and (7) the drugs were found in an enclosed dwelling.

In sum, having reviewed the record in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding Appellant's guilt beyond a reasonable doubt and the evidence is legally sufficient to support Appellant's conviction. *See Brooks*, 323 S.W.3d at 899. Issues One and Two are overruled.

Having overruled all of Appellant's issues, we affirm the trial court's judgment.

---

[1] According to Officer Williams, the cell phone, which was near the drugs, displayed "Little T" on it, along with Appellant's photos. He also testified that Appellant's name is "Thaddeus," and nobody else arrested had a name that ended or began with the letter "T."

March 16, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Rivera, J., and Larsen, J.
Larsen, J. (Sitting by Assignment)

(Do Not Publish)