COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





THADDEUS LEONDRA SHAW A/K/A
THADDEUS L. SHAW,

                            Appellant,

v.


THE STATE OF TEXAS,
 
                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-09-00214-CR

Appeal from the

Criminal District Court No. One

of Tarrant County, Texas 

(TC# 1136969D) 





O P I N I O N

            This is an appeal from a conviction for the offense of unlawful possession of cocaine, one
gram or more but less than four grams. On appeal, Appellant challenges the legal and factual
sufficiency of the evidence.
            On November 19, 2008, several narcotics officers were involved in a “buy/bust” drug
operation in Fort Worth. As part of the operation, one of the officers picked up a “rider” on East
Ramsey Avenue. The rider took the officer to a house in the vicinity of East Ramsey to buy
twenty dollars worth of crack cocaine. Once the officer parked her car in front of the house, the
rider walked to the front door and made a deal. The rider then got back into the officer’s car and
provided the officer with an off-white rock-like substance. After the officer tipped the rider, the
rider walked back to the house. The officer then signaled Officer Williams to indicate the drug
deal was complete, and Officer Williams approached the house immediately.
            Once Officer Williams entered the house, he saw Appellant sitting alone at a desk. A
silver cell phone and an off-white rock-like substance were on the desk. Based on his
experience, the officer believed the substance was crack cocaine. The drugs and cell phone were
within Appellant’s arm’s reach. Officer Williams pointed a gun at Appellant and ordered him to
get down onto the floor. As Appellant did so, he hit the desk and knocked some of the cocaine
off the desk and onto the ground. The officers discovered eight people in the house and arrested
four of them for various drug offenses. At the conclusion of a jury trial, Appellant was convicted
of possession of a controlled substance, one gram or more but less than four grams. He was
sentenced to twelve years’ in prison.
            In Issues One and Two, Appellant contends the evidence is legally and factually
insufficient to support the conviction. Although Appellant presents these arguments
independently, this Court may only address the legal sufficiency challenge. See Brooks v. State,
323 S.W.3d 893, 895 (Tex.Crim.App. 2010)(holding that “the Jackson v. Virginia legal-sufficiency standard is the only standard that a reviewing court should apply in determining
whether the evidence is sufficient to support each element of a criminal offense . . . .”). A legal
sufficiency review requires the appellate court to determine whether, “[c]onsidering all of the
evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt
beyond a reasonable doubt.” Id. at 899, citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.
2781, 2789, 61 L.Ed.2d 560 (1979). In conducting this review, we must defer to the jury’s role
as the sole judge of the credibility and weight that testimony is to be afforded. Id. at 899.
            In an unlawful possession of a controlled substance case, the prosecution’s burden of
proof consists of two elements: (1) the accused exercised control, management, or care over the
substance; and (2) the accused knew the substance possessed was contraband. Evans v. State,
202 S.W.3d 158, 161 (Tex.Crim.App. 2006). To prove that the accused had knowledge of, and
control over, the contraband when the accused was not in sole possession of the location where it
was found, there must be additional independent facts and circumstances that link the accused to
the contraband. See id. at 161-62. Whether direct or circumstantial, the evidence must establish
that the accused’s connection with the contraband was more than just fortuitous. Id. at 162. 
While the accused’s mere presence at the location where the drugs are found is insufficient to
establish possession, when combined with other “affirmative links” between the accused and the
drugs, presence may well be sufficient to establish the element beyond a reasonable doubt. Id. at
161-62.
            The key to this type of possession inquiry is the “logical force” with which the evidence
supports an inference of conscious possession of contraband by the accused. See id. at 162;
Porter v. State, 873 S.W.2d 729, 732 (Tex.App.--Dallas 1994, pet. ref’d). Texas courts have
used a wide variety of factors to analyze the sufficiency of the evidence to support the jury’s
affirmative finding of possession, including: (1) the defendant’s presence at the location where a
search warrant was executed; (2) whether the contraband was in plain view; (3) the defendant’s
proximity and access to the contraband; (4) whether the defendant was under the influence of
narcotics when arrested; (5) whether the defendant possessed other contraband or drug
paraphernalia when arrested; (6) whether the defendant made incriminating statements when
arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive
gestures; (9) whether there was a residual odor of contraband; (10) whether the defendant owned
or had the right to posses the place where the drugs were found; (11) whether the drugs were
found in an enclosed area; (12) whether the accused was the operator of an automobile where
contraband was found; (13) whether the defendant was found with a large amount of cash or
weapons at the time of his arrest; (14) whether the conduct of the accused indicated a
consciousness of guilt; and (15) whether there was a significant amount of contraband seized. 
See Evans, 202 S.W.3d at 162 n.12; Miramontes v. State, 225 S.W.3d 132, 141-42 (Tex.App.--El Paso 2005, no pet.).
            In this instance, the following evidence “links” Appellant to the cocaine: (1) Appellant
was present when the officers conducted the search of the house where drugs were found and
where cocaine had been sold to a rider; (2) according to Officer Williams, the house was the type
of “crack house” small-time dealers use to sell drugs because it was abandoned, burned out, and
lacked electricity and running water; (3) before his arrest, Appellant had a cell phone and cocaine
within his reach;


 (4) the cocaine was in plain view on top of the desk at which Appellant sat; (5)
Appellant sat near the front door, which probably facilitated the sale of cocaine; (6) other
contraband was present in the house where Appellant was arrested; and (7) the drugs were found
in an enclosed dwelling.
            In sum, having reviewed the record in the light most favorable to the verdict, we conclude
that the jury was rationally justified in finding Appellant’s guilt beyond a reasonable doubt and
the evidence is legally sufficient to support Appellant’s conviction. See Brooks, 323 S.W.3d at
899. Issues One and Two are overruled.
            Having overruled all of Appellant’s issues, we affirm the trial court’s judgment.



March 16, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Rivera, J., and Larsen, J.
Larsen, J. (Sitting by Assignment)

(Do Not Publish)