Filed 9/30/14  P. v. Watts CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C075868 |
| Plaintiff and Respondent, | (Super. Ct. No. 13NCR09664) |
| v. | |
| HUBERT FRANKLIN WATTS, JR., | |
| Defendant and Appellant. | |

In the course of an arrest, a police officer removes a cell phone from the arrestee, not knowing there is contraband hidden in the phone's battery compartment. The officer places the cell phone in a bag at the site of the arrest and brings that bag into the jail separately from the arrestee. Does the arrestee have a right to control or exercise dominion over that cell phone while in jail, such that he is in constructive possession of the contraband inside the phone while in jail? On the evidence here, the answer is "no."

1

FACTUAL AND PROCEDURAL BACKGROUND

On April 13, 2013, Orland Police Officer Grant Carmon arrested defendant Hubert Franklin Watts, Jr. When he searched defendant at the site of the arrest, Officer Carmon found (among other items) three cell phones and a cell phone battery in defendant's pockets. Officer Carmon placed these items in a paper bag and put them in his patrol car.

Later on at the police department, Officer Carmon told defendant he would be bringing the phones to the jail along with defendant's other property. Just before entering the jail, Officer Carmon asked defendant if he had any contraband and defendant answered no.

While inside the jail, another officer inspected the cell phones that Officer Carmon brought in and discovered a loose object inside one of the phones. The other officer handed the phone to Officer Carmon, who opened the phone to find a white pill in the battery compartment. The pill was identified as carisoprodol.

Based on the pill in the cell phone, a jury found defendant guilty of unauthorized possession of drugs in jail. Based on a separate incident, defendant was also convicted of possession of oxycodone and possession of drug paraphernalia. Taking into account some enhancement allegations defendant had admitted before trial, the trial court sentenced him to an aggregate prison term of nine years and four months, which included six years for the charge of possessing drugs in jail.

DISCUSSION

*There Was Insufficient Evidence That Defendant Possessed Drugs While In Jail*

Defendant challenges the sufficiency of evidence to support his conviction for unauthorized possession of drugs in jail. The standard of review is well settled. We review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence, that is, evidence which is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)

Penal Code section 4573.8 provides in relevant part as follows: "Any person who knowingly has in his or her possession in any . . . jail . . . drugs in any manner, shape, form, dispenser, or container . . . without being authorized to posses the same . . . is guilty of a felony."[1] "Possession may be actual or constructive." (*People v. Showers* (1968) 68 Cal.2d 639, 643.) Both parties agree defendant did not have actual possession of the carisoprodol contained in the cell phone while in the jail, but defendant contends he did not have constructive possession either.

Our Supreme Court has defined constructive possession as follows: "Constructive possession exists where a defendant maintains some control or right to control contraband that is in the actual possession of another." (*People v. Morante* (1999) 20 Cal.4th 403, 417.) Defendant contends he did not constructively possess the cell phone containing the contraband because once the phones were placed in the bag and secured in the officer's patrol car he had no right to exercise dominion or control over the cell phone.

The People make two arguments to support their contention that defendant was in constructive possession of the cell phone at the jail. First, the People contend defendant had an opportunity to prevent the drugs from being brought into the jail. They argue that defendant was aware Officer Carmon was going to book the cell phones into jail, and therefore Officer Carmon brought the cell phone into the jail with defendant's full knowledge and consent.

---

[1] Interestingly enough, the prosecutor did not charge defendant with knowingly bringing, or assisting in bringing, a controlled substance into a jail. (See Pen. Code, § 4573.) Thus, we have no occasion to consider the potential application of that offense to these facts.

Knowledge of where the cell phone was going to go does not amount to a right to control the phone. Even if defendant had told Officer Carmon what was in the cell phone just prior to entering the jail, there is no evidence Officer Carmon would not have brought the cell phone into the jail.

Texas has a similar statute to California that makes it an offense to possess a controlled substance while in a correctional facility. In *Woodard v. State* (Tex. App. 2011) 355 S.W.3d 102, the appellate court considered whether the defendant was in possession of cocaine while in the jail. (*Id.* at p. 104.) The defendant was arrested at her home and of her own accord brought her purse, which contained cocaine. (*Id.* at p. 108.) Because the defendant was handcuffed when she was brought into the jail, the officer had to carry her purse in and was thereafter going to transfer it to jail staff. (*Id.* at p. 105.)

On these facts, the court concluded as follows: "Although [the trial court] could have rationally determined that appellant knew about the cocaine in her purse that came with her when she was arrested and placed in the patrol car, we conclude, viewing the evidence in the light most favorable to the verdict, that the jury could not have rationally determined beyond a reasonable doubt that appellant exercised care, custody, control, or management over the cocaine in the purse during the period of time when she was in the booking area of the Waller County Jail." (*Woodard v. State*, *supra*, 355 S.W.3d at p. 111.)

While this decision is not binding authority in California, we believe the rationale applied in *Woodard* should also apply here. Like defendant in this case, the defendant in *Woodard* knew about the drugs in her purse. In fact, the evidence in *Woodard* showed the defendant *chose* to bring the purse with the drugs with her, whereas defendant here really had no choice. But knowledge of where drugs are or of where drugs might be going, *by itself*, does not amount to control over those drugs while in jail, when an officer is in actual possession of them.

4

The second argument the People rely on (for the first time on appeal) is that defendant had control over the cell phone since under California law "the sheriff is required to 'take charge of, safely keep, and keep a correct account of, all money and valuables found on each prisoner when delivered at the county jail' " and "the sheriff must distribute or deliver the money and/or valuables 'as the prisoner directs.' " (See Gov. Code, § 26640.) Thus, the People conclude defendant retained some control over the cell phone taken from him because under this provision of law he could have directed the sheriff what to do with it.

The People have misinterpreted Government Code section 26640. The language of the statute is plain: the statute applies to "all money and valuables *found on each prisoner when delivered at the county jail.*" (*Ibid.*, italics added.) By its plain terms, this statute applies to property found on the person *at the jail*. It does not apply to property taken from the person before arriving at the jail.

In construing this statute, we find some assistance in Penal Code section 1412. The relevant portion of that statute provides that "[w]hen money or other property *is taken from a defendant, arrested upon a charge of a public offense*, the officer taking it must at the time give duplicate receipts therefor, specifying particularly the amount of money or the kind of property taken." (Pen. Code, § 1412, italics added.) The general language of this statute -- "taken from a defendant, arrested upon a charge of a public offense" -- is in stark contrast to the specific language of Government Code section 26640, which refers to "money and valuables *found on each prisoner when delivered at the county jail.*" (Gov. Code, § 26640, italics added.)

Had the Legislature intended Government Code section 26640 to apply to property taken from an arrestee at the site of arrest, rather than at the jail, it could have used the general phrasing it used in Penal Code section 1412. The fact that it did not do so supports the conclusion that the Legislature did not intend Government Code section 26640 to apply to property taken from a person before entering the jail.

5

On the record before us, we find no evidence on which the jury could have rationally concluded that defendant had constructive possession of the cell phone while in jail.

At oral argument, the People argued that at the very least the evidence here would support modification of defendant's conviction to possession of a controlled substance (e.g., Bus. & Prof. Code, § 4060; Health & Saf. Code, § 11377) because the evidence showed that defendant was in actual, physical possession of the cell phone containing the carisoprodol pill before Officer Carmon took the phone from him. The People acknowledged, however, that for their argument to have merit, carisoprodol must be a controlled substance under California law. Our research reveals that it is not.

At trial, Officer Carmon testified that carisoprodol is "a Schedule IV opiate." But examination of California's schedule IV (Health & Saf. Code, § 11057) reveals that carisoprodol is not listed there, nor is it listed in any of the other California schedules of controlled substances (*id.*, §§ 11054, 11055, 11056, 11058). Carisoprodol *is* a schedule IV controlled substance under *federal law* (see 21 C.F.R. § 1308.14(c)(5) (2012)), but it was not added to the federal schedule until December 2011 (see 76 Fed.Reg. 77330 (Dec. 12, 2011)), and it appears that no corresponding amendment to the California schedules of controlled substances has been proposed since the federal amendment. At the very least, no such amendment occurred before the time defendant was found in possession of the cell phone containing the carisoprodol pill in April 2013. Accordingly, we find no basis for modifying defendant's conviction for unauthorized possession of drugs in jail and therefore we must reverse that conviction for insufficiency of the evidence.

## DISPOSITION

Defendant's conviction for unauthorized possession of drugs in jail is reversed. Defendant's remaining convictions are affirmed, and the case is remanded to the trial court for resentencing.

                                                             _____ROBIE_____, J.

We concur:

_____NICHOLSON_____, Acting P. J.

_____DUARTE_____, J.