

**In the**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-24-00085-CR
_____

DAVIAN STIGER, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 23-F-0347-202
_____

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Davian Stiger pled guilty to attempted possession of one gram or more but less than four grams of fentanyl, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Supp.); TEX. PENAL CODE ANN. § 15.01(d). Pursuant to the terms of a plea agreement with the State, Stiger was placed on deferred adjudication community supervision for five years. In October 2023, the terms and conditions of Stiger's deferred adjudication community supervision were modified by agreement to require Stiger's confinement and participation in a Substance Abuse Felony Punishment Facility (SAFPF) "for a term of not less than ninety (90) days or more than one (1) year." The agreed order also required Stiger to "obey all rules and regulations of the Facility." After Stiger was unsuccessfully discharged from the SAFPF, the State filed a motion to adjudicate his guilt. Following an evidentiary hearing, the trial court found the State's allegation true, adjudicated Stiger's guilt, assessed a sentence of two years' imprisonment, and imposed a $500.00 fine.

On appeal, Stiger argues that the trial court abused its discretion by adjudicating Stiger's guilt and by cumulating his sentence with the one imposed in his companion case, numbered 06-24-00086-CR, which is an appeal from Stiger's conviction for possession of a prohibited substance in a correctional facility. *See* TEX. PENAL CODE ANN. § 38.11 (Supp.). We find no abuse of discretion in the trial court's decision to adjudicate Stiger's guilt. However, we sustain Stiger's complaint regarding the cumulation of his sentence with the sentence in his companion case.

2

**I.**     **The Trial Court Did Not Abuse Its Discretion by Adjudicating Stiger's Guilt**

In his first point of error, Stiger argues that the trial court erred by adjudicating his guilt. Because we find that a preponderance of the evidence shows that Stiger violated a term of his deferred adjudication community supervision, we overrule Stiger's point of error.

**A.**     **Standard of Review**

"We review a decision to adjudicate guilt in the same manner as we review a decision to revoke community supervision—for abuse of discretion." *Hammack v. State*, 466 S.W.3d 302, 304 (Tex. App.—Texarkana 2015, no pet.); *see Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.)). "The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his or her community supervision." *Lively*, 338 S.W.3d at 143 (citing *Rickels*, 202 S.W.3d at 763–64; *In re T.R.S.*, 115 S.W.3d at 320).

"In conducting our review, we view the evidence in the light most favorable to the trial court's ruling." *Id.* (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *In re T.R.S.*, 115 S.W.3d at 321).

**B.**     **Evidence at the Hearing**

At the adjudication hearing, Carol Guevara, an employee of the Bowie County Community Supervision and Corrections Department, testified that Stiger admitted to using

3

"different unprescribed medications" and, as a result, faced a motion to adjudicate his guilt. To resolve the prior adjudication motion, Stiger agreed to go to a SAFPF. The trial court's agreed order modified the terms and conditions of Stiger's deferred adjudication community supervision to include confinement and participation in a SAFPF. The agreed order, signed by Stiger, Guevara, and Stiger's attorney, was admitted into evidence. Guevara said that Stiger was transferred to the SAFPF, but "he didn't want to be there any longer." Guevera testified that, as a result, Stiger was unsuccessfully discharged from the SAFPF.

In his defense, Stiger testified that he was forced to sign the agreed order and did not want to go to a SAFPF. According to Stiger, "they held [his] paperwork so . . . [he] went through the program for about four and a half months until [he] was about to finish, and they finally turned it in." Stiger said that, once the paperwork was turned in, "they called [him] back. . . . [He] didn't get in any trouble down there or anything." Stiger reiterated that he did not wish to go to a SAFPF.

After hearing this evidence, the trial court adjudicated Stiger's guilt.

## C.    Analysis

The terms of the agreed order and Guevara's testimony showed that Stiger had agreed to go to a SAFPF in order to resolve a prior motion to adjudicate his guilt. As a result, Stiger was required to "serve a term of confinement and participate in treatment in a [SAFPF]," while obeying all of its rules and regulations. Guevara's testimony established that Stiger did not complete the SAFPF program, and Stiger admitted as much. He also testified that he did not wish to return to the SAFPF. We conclude that this evidence was sufficient for the trial court to

4

find, by a preponderance of the evidence, that Stiger failed to comply with a term and condition of his deferred adjudication community supervision.[1]  As a result, we overrule Stiger's first point of error.

## II.    Stiger's Sentence Should Run Concurrently with His Companion Case

Stiger filed a motion for new trial complaining of the trial court's decision to cumulate his sentences.  "[T]he rights conferred by the cumulation statute, and thus an 'improper-cumulation claim,' is a '*Marin*[2] waiver-only right—a right that must be implemented unless affirmatively waived.'"  *Crowell v. State*, 642 S.W.3d 885, 894 n.5 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) (quoting *Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017) (orig. proceeding) (citing *Ex parte McJunkins*, 954 S.W.2d 39 (Tex. Crim. App. 1997) (orig. proceeding))).  Here, nothing shows that Stiger waived his right to concurrent sentences.[3]

We review a trial court's cumulation order for abuse of discretion.  *See Pettigrew v. State*, 48 S.W.3d 769, 770 (Tex. Crim. App. 2001); *Privette v. State*, 594 S.W.3d 629, 631 (Tex. App.—Texarkana 2019, no pet.).  Typically, a trial court has the power to cumulate sentences upon adjudication or revocation of community supervision, regardless of whether its judgment placing a person on community supervision provided for the cumulation.  *See* TEX. CODE CRIM.

---

[1]Stiger argues that "[t]here was no testimony of exactly what was required for successful completion of SAFPF and what Appellant failed to do that was expected of him."  We find that such evidence was not required when the terms of the agreed order required completion of the program and it was undisputed that Stiger did not successfully complete the program.

[2]*Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993).

[3]Even though Stiger filed a timely motion for new trial raising this issue, the State questions whether Stiger failed to preserve this issue by failing to object to the trial court's cumulation order.  Given the nature of the right to cumulative sentences, "a contemporaneous objection is not necessary to preserve the error for appellate review." *Jackson v. State*, 157 S.W.3d 514, 516 (Tex. App.—Texarkana 2005, no pet.) (quoting *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992), *overruled on other grounds by Ex parte Carter*, 521 S.W.3d 344).

PROC. ANN. art. 42.08(a) (Supp.); *McCullar v. State*, 676 S.W.2d 587, 588 (Tex. Crim. App. 1984). That power, however, is limited by Section 3.03 of the Texas Penal Code, which states, in relevant part, that, "[w]hen the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which the accused has been found guilty shall . . . run concurrently." TEX. PENAL CODE ANN. § 3.03(a) (Supp.). By its plain language, "[w]hen Section 3.03(a) applies, it limits the trial court's general statutory authority to impose consecutive, or cumulative, sentences." *Privette*, 594 S.W.3d at 631 (citing TEX. CODE CRIM. PROC. ANN. art. 42.08; *LaPorte*, 840 S.W.2d at 415).

It is undisputed that Stiger's offense in this matter and the offense in his companion case were prosecuted as a single criminal action. As a result, if Stiger's offenses arose out of the same criminal episode, the trial court could not "stack" his sentence with the sentence assessed in the companion case. *See* TEX. PENAL CODE ANN. § 3.03(a). The Texas Penal Code defines the term "criminal episode" as

> the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1)  the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2)  the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01.

6

In this case, the State alleged that Stiger possessed fentanyl on March 10, 2023.[4] In Stiger's companion case, the State alleged that Stiger brought a prohibited controlled substance, fentanyl, into a correctional facility on March 10, 2023. The facts of the case showed that Stiger was arrested for possession of fentanyl, was transported to jail, and despite an earlier search by an officer, the jail staff found more fentanyl on Stiger's person. Given that Stiger's offenses involved possession of the same drug on the same date, we find that, at a minimum, the offenses were transactions constituting a common scheme or plan to possess fentanyl. *See* TEX. PENAL CODE ANN. § 3.01(a)(1). Moreover, Stiger's convictions for both offenses were adjudicated based on the same allegation in a single proceeding.[5] As a result, Stiger was entitled to concurrent sentences, and we sustain his point of error.

## III.  Conclusion

We modify the trial court's judgment to reflect that Stiger's sentence in this case runs concurrently, not consecutively, with his sentence in his companion case. As modified, we affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     November 15, 2024
Date Decided:       November 19, 2024

Do Not Publish

---

[4]The State cites *Woodard v. State* for the proposition that the trial court did not abuse its discretion by stacking Stiger's sentences. *Woodard v. State*, 355 S.W.3d 102 (Tex. App.—Houston [1st Dist.] 2011, no pet.). That case had nothing to do with a cumulation order and simply does not apply.

[5]*See Gaffney v. State*, No. 06-22-00168-CR, 2023 WL 3914279, at *2 (Tex. App.—Texarkana June 9, 2023, no pet.) (mem. op., not designated for publication).